TAGGED OPINION



**ORDERED in the Southern District of Florida on April 12, 2022.**

**Scott M. Grossman, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

JACQUES SCOTT,                                Case No. 21-20532-SMG

    Debtor.                                Chapter 7
_____/

**ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S
CLAIMED EXEMPTIONS AND DENYING MOTION FOR TURNOVER**

Debtor Jacques Scott claimed his Green Boat Trailer mobile home as exempt from property of his bankruptcy estate under 11 U.S.C. § 522(b)(3) and Fla. Stat. § 222.05.[1] He also claimed a $4,000 exemption in personal property under 11 U.S.C. § 522(b)(3) and Fla. Stat. § 222.25(4).[2] Trustee Les Osborne objected to Mr. Scott's claimed exemptions,[3] arguing that a debtor may not claim the $4,000 personal

---

[1] ECF No. 1.
[2] *Id.*
[3] ECF No. 22.

property exemption provided by Fla. Stat. § 222.25(4) if the debtor has also claimed a homestead exemption.[4]

But that is not what Fla. Stat. § 222.25(4) says. Section 222.25(4) only prohibits a debtor from claiming the $4,000 exemption if the debtor claims or receives the benefits of a homestead exemption under section 4, article X of the Florida Constitution. Specifically, section 222.25(4) states in relevant part that:

> The following property is exempt from attachment, garnishment, or other legal process . . . (4) A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption **under s. 4, Art. X of the State Constitution.** This exemption does not apply to a debt owed for child support or spousal support.[5]

Had Mr. Scott claimed a homestead exemption under section 4, article X of the Florida Constitution, the Trustee would be correct. But here, Mr. Scott did not claim Florida's constitutional homestead exemption. Rather, he claimed a statutory exemption in his mobile home under Fla. Stat. § 222.05, which states:

> Any person owning and occupying any dwelling house, including a mobile home used as a residence, or modular home, on land not his or her own which he or she may lawfully possess, by lease or otherwise, and claiming such house, mobile home, or modular home as his or her homestead, shall be entitled to the exemption of such house, mobile home, or modular home from levy and sale as aforesaid.[6]

Mr. Scott argues that the statutory exemption for a mobile home under Fla. Stat. § 222.05 is not the same as the constitutional exemption for a homestead under section 4, article X of the Florida Constitution. For the reasons set forth in thorough

---

[4] Because he argued that Mr. Scott sought to exempt more property than that to which he is entitled, the Trustee also requested that Mr. Scott turn over the "over-exempt" property (or the value thereof) to be sold for the benefit of his creditors. *Id.*
[5] Fla. Stat. § 222.25(4) (emphasis added).
[6] Fla. Stat. § 222.05.

and well-reasoned decisions from both the Middle District of Florida (*In re Lisowski*)[7] and the Northern District of Florida (*In re Heckman*)[8] Bankruptcy Courts, this Court agrees with Mr. Scott. The two exemptions are different:

> the homestead exemption provided by Article X, Section 4(a)(1) of the Florida Constitution applies to improved land or real property owned by a debtor, provided the debtor's residence is situated on the land. Section 222.05 of the Florida Statutes, on the other hand, expressly applies to persons who do not own the land upon which their mobile home is situated.[9]

And because the two exemptions are different, a homestead exemption under Fla. Stat. § 222.05 is not a "homestead exemption under s. 4, Art. X of the State Constitution" that would disqualify Mr. Scott from claiming the $4,000 personal property exemption provided by Fla. Stat. § 222.25(4).[10]

Accordingly, for the reasons set forth above and in both *Lisowski*[11] and *Heckman*[12] – which the Court adopts and incorporates here in their entireties – it is

**ORDERED that:**

1. The Trustee's Objection to Debtor's Claimed Exemptions[13] is **OVERRULED**.

2. The Trustee's Motion for Turnover[14] is **DENIED**.

# # #

---

[7] 395 B.R. 771 (Bankr. M.D. Fla. 2008).
[8] 395 B.R. 737 (Bankr. N.D. Fla. 2008).
[9] *Lisowski*, 395 B.R. at 779.
[10] *Id.* at 781.
[11] *Id.* at 772-81.
[12] *Heckman*, 395 B.R. at 738-41.
[13] ECF No. 22.
[14] *Id.*

*Copy furnished to Leslie S. Osborne, Esq., who must serve a copy of this Order on all required parties and file a certificate of service in accordance with Local Rule 2002-1(F).*